UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OSHAY CHIN and EDIDIONG ESSIEN, *individually and on behalf of all others similarly situated*, <br><br> Plaintiffs, <br><br> -against- <br><br> QUAD STUDIOS, INC, ADVANCED STUDIO LEARNING, LLC, QUAD ACOUSTICS LLC, TINO PASSANTE, and RICKY HOSN (A/K/A RICKY ABOULHOSN), <br><br> Defendants. | Case no.:  1:23-cv-01155 <br><br> **COMPLAINT** <br><br> **DEMAND FOR TRIAL BY JURY** <br><br> **CLASS AND COLLECTIVE ACTION** |

Plaintiffs OSHAY CHIN and EDIDIONG ESSIEN (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by their attorneys Sacco & Fillas LLP, complaining of Defendants QUAD STUDIOS, INC, ADVANCED STUDIO LEARNING, LLC, QUAD ACOUSTICS LLC, TINO PASSANTE, and RICKY HOSN (A/K/A RICKY ABOULHOSN) (collectively, "Defendants"), allege:

1. **NATURE OF THE ACTION**

1.      This is a wage and hour collective and class action. Plaintiffs worked as unpaid interns for Defendants at their music studio, "Quad Recording Studios NYC." Despite paying nothing and misclassifying these unpaid workers as "interns," Defendants required unpaid interns to clean, run errands, operate elevators, and do maintenance work and a variety of other tasks that displaced the work of paid employees. The unpaid interns were provided minimal, if any, educational benefits.

2.      Plaintiffs bring this action on behalf of themselves, and all similarly situated non-exempt, unpaid and underpaid employees to recover unpaid wages, liquidated damages, spread-of-hours, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to

the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Articles 6 and 19 of the New York Labor Law ("NYLL"), and the New York Wage Theft Prevention Act ("WTPA").

**2.   JURISDICTION AND VENUE**

3.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

4.     The state law claims are so closely related to the claims under the Fair Labor Standards Act that they form part of the same case or controversy under Article III of the United States Constitution.

5.     Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, because many of the events giving rise to the claims arose at work site of Quad Recording Studios NYC which is located in this district at 723 7th Ave 10th floor, New York, NY 10019 and where, ad Recording Studios NYC also maintains an office.

**3.   THE PARTIES**

**3.1.  PLAINTIFFS**

**3.1.1. Plaintiff OSHAY CHIN**

6.     Plaintiff, OSHAY CHIN, resides in Brooklyn, New York.

7.     Plaintiff, OSHAY CHIN, worked as an unpaid intern from approximately April 7, 2022, to approximately August 29, 2022.

8.     Plaintiff, OSHAY CHIN, is a covered employee of each Defendant within the meaning of the FLSA and the NYLL.

9.     Plaintiff, OSHAY CHIN, was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

10.     Throughout his employment, Plaintiff, OSHAY CHIN, was an employee within the meaning of the FLSA and NYLL.

11.     Plaintiff, OSHAY CHIN, has consented to join this action.

**3.1.2.   Plaintiff EDIDIONG ESSIEN**

12.     Plaintiff, EDIDIONG ESSIEN, resides in the Bronx, New York.

13.     Plaintiff, EDIDIONG ESSIEN, worked as an unpaid intern from approximately April 4, 2022, to approximately May 1, 2022.

14.     Plaintiff, EDIDIONG ESSIEN, is a covered employee of each Defendant within the meaning of the FLSA and the NYLL.

15.     Plaintiff, EDIDIONG ESSIEN, was engaged in the production or in the handling or selling of, or otherwise working on, goods or materials that have been moved in or produced for commerce.

16.     Throughout his employment, Plaintiff, EDIDIONG ESSIEN, was an employee within the meaning of the FLSA and NYLL.

17.     Plaintiff, EDIDIONG ESSIEN, has consented to join this action.

**3.2. DEFENDANTS**

18.     Quad Recording Studios NYC is a renowned recording studio located in the heart of Times Square, Manhattan at 723 7th Ave 10th floor, New York, NY 10019.

19.     Quad Recording Studios NYC provides facilities for recording music, vocals, audio, and sound effects.

20.     Quad Recording Studios NYC boasts of several famous artists as clients, including Michael Jackson, Tupac Shakur, Toni Braxton, Tom Waits, Metallica, DMX, Jay-Z, Bob Dylan, Missy Elliot, Ludacris, LL Cool J, John Mayer, Sam Smith, the Wu Tang Clan, Hilary Duff, Lil Wayne, and more.

21.     Upon information and belief, Quad Recording Studios NYC was the location where HipHop artist Tupak Shakur was shot in 1994.

22.     Quad Recording Studios NYC operates 24 hours per day and seven days per week.

23.     Quad Recording Studios NYC offers event spaces.

24.     The Defendants own, operate, manage, and control Quad Recording Studios NYC.

25.     Upon information and belief, Quad Recording Studios NYC had an annual gross volume of sales in excess of $500,000 within the three years prior to the filing of this Complaint.

26.     Quad Recording Studios NYC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

27.     The Defendants jointly employed Plaintiffs and unpaid interns at Quad Recording Studios NYC.

28.     Throughout the employment periods, Defendants maintained control, oversight, and direction over each Plaintiff and similarly situated employees, including with respect to hiring, firing, and other employment practices that applied to unpaid interns.

### 3.2.1.  **Defendant QUAD STUDIOS, INC,**

29.     Defendant, QUAD STUDIOS, INC, is a domestic business corporation located in the State of New York.

30.     The principal place of business for Defendant QUAD STUDIOS, INC is 723 7TH AVENUE, NEW YORK, NY, UNITED STATES, 10019.

31.     Defendant QUAD STUDIOS, INC is an "enterprise engaged in interstate commerce" as defined by the FLSA.

32.     Over the three years preceding the filing of this Complaint, the annual gross volume of sales for Defendant QUAD STUDIOS, INC exceeded $500,000.

33.     At all relevant times, Defendant QUAD STUDIOS, INC owned, operated, managed, maintained, and controlled Quad Recording Studios NYC.

34.     Defendant QUAD STUDIOS, INC has employees engaged in interstate commerce or in the production of goods for interstate commerce.

35.     Defendant QUAD STUDIOS, INC is a covered employer under the FLSA and the NYLL and employed Plaintiffs and similarly situated employees.

36.     Defendant QUAD STUDIOS, INC was in control, had oversight, and directed the actions of Plaintiffs and similarly situated employees, including the power to hire and fire.

37.     The same employment policies, practices, and procedures were applied to all interns by Defendant QUAD STUDIOS, INC, including policies related to payment of minimum wage, overtime compensation, spread of hours, and recordkeeping.

38.     Defendant QUAD STUDIOS, INC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including in regard to hiring.

39.     LOUIS GONZALEZ holds the position of Chief Executive Officer at Defendant QUAD STUDIOS, INC.

40.     Defendant QUAD STUDIOS, INC was each Plaintiff's employer within the meaning of the FLSA and NYLL.

### 3.2.2.   **Defendant ADVANCED STUDIO LEARNING, LLC**

41.     Defendant, ADVANCED STUDIO LEARNING, LLC, is a domestic limited liability company, licensed to do business and doing business in the State of New York.

42.     The principal place of business for Defendant, ADVANCED STUDIO LEARNING, LLC, is located at 723 7TH AVENUE, NEW YORK, NY, UNITED STATES, 10019.

43.     Defendant, ADVANCED STUDIO LEARNING, LLC, is considered an "enterprise engaged in interstate commerce" according to the FLSA.

44.     Over the three years preceding the filing of this Complaint, the annual gross volume of sales for Defendant, ADVANCED STUDIO LEARNING, LLC, exceeded $500,000.

45.     Defendant, ADVANCED STUDIO LEARNING, LLC, has employees who are engaged in interstate commerce or in the production of goods for interstate commerce, handling, selling, or working on goods or materials that have been moved in or produced for interstate commerce by any person.

46.     At all relevant times, Defendant, ADVANCED STUDIO LEARNING, LLC, owned, operated, managed, maintained, and controlled Quad Recording Studios NYC.

47.     The actions of Plaintiffs and similarly situated employees were under the control, oversight, and direction of Defendant, ADVANCED STUDIO LEARNING, LLC, including with respect to hiring and other employment practices for unpaid interns.

48.     Defendant, ADVANCED STUDIO LEARNING, LLC, had control, oversight, and directed the actions of Plaintiffs and similarly situated employees, including the power to hire and fire.

49.     It is believed that Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) is a principal of Defendant, ADVANCED STUDIO LEARNING, LLC.

50.     It is believed that Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) is the Chief Executive Officer of Defendant, ADVANCED STUDIO LEARNING, LLC.

51.     Service of process for Defendant, ADVANCED STUDIO LEARNING, LLC, can be made to Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN), who is designated to receive it at QUAD STUDIOS, 723 7TH AVENUE 10TH FLOOR, NEW YORK, NY, UNITED STATES, 10019.

52.     Defendant ADVANCED STUDIO LEARNING, LLC was each Plaintiff's employer within the meaning of the FLSA and NYLL.

### 3.2.3.  **Defendant QUAD ACOUSTICS LLC**

53.     Defendant QUAD ACOUSTICS LLC is a domestic limited liability company, licensed to do business and conducting business in the State of New York.

54.     The principal place of business of Defendant QUAD ACOUSTICS LLC is located at 723 7TH AVENUE, NEW YORK, NY, UNITED STATES, 10019.

55.     Defendant QUAD ACOUSTICS LLC is an "enterprise engaged in interstate commerce" as defined by the FLSA.

56.     Defendant QUAD ACOUSTICS LLC's annual gross volume of sales exceeded $500,000 in each of the three years preceding the filing of the Complaint.

57.     Employees of Defendant QUAD ACOUSTICS LLC are engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

58.     At all relevant times, Defendant QUAD ACOUSTICS LLC owned, operated, managed, maintained, and controlled Quad Recording Studios NYC.

59.     Defendant QUAD ACOUSTICS LLC maintained control, oversight, and direction over the Plaintiffs and similarly situated employees, including the power to hire and fire and with respect to hiring and other employment practices that applied to unpaid interns.

60.     Defendant QUAD ACOUSTICS LLC was in control, had oversight, and directed the actions of the Plaintiffs and similarly situated employees.

61.     Defendant QUAD ACOUSTICS LLC was each Plaintiff's employer within the meaning of the FLSA and NYLL.

### 3.2.4.  **Defendant TINO PASSANTE**

62.   Upon information and belief, at all times herein, Defendant TINO PASSANTE was a studio manager at Quad Recording Studios NYC.

63.   Defendant, TINO PASSANTE, hired Plaintiff OSHAY CHIN.

64.   Defendant, TINO PASSANTE, scheduled Plaintiff OSHAY CHIN's work hours.

65.   Defendant, TINO PASSANTE, directed Plaintiff OSHAY CHIN concerning the times to work.

66.   Defendant, TINO PASSANTE, assigned tasks to Plaintiff, OSHAY CHIN that included running errands, cleaning studios, cleaning the lobby, performing maintenance, making coffee, and other menial tasks.

67.   Defendant, TINO PASSANTE, terminated Plaintiff OSHAY CHIN.

68.   Defendant, TINO PASSANTE, hired Plaintiff EDIDIONG ESSIEN.

69.   Defendant, TINO PASSANTE, scheduled Plaintiff EDIDIONG ESSIEN's work hours.

70.   Defendant, TINO PASSANTE, directed Plaintiff EDIDIONG ESSIEN what times to work.

71.   Defendant, TINO PASSANTE, assigned tasks to Plaintiff, EDIDIONG ESSIEN that included running errands, escorting guests at the premises, and other menial tasks.

72.   Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) delegated responsibilities to Defendant TINO PASSANTE.

73.   Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) gave instructions to Defendant TINO PASSANTE who then issued instructions to Plaintiffs.

74.     Defendant, TINO PASSANTE, corresponded using the email address Tino@quadnyc.com.

75.     Defendant, TINO PASSANTE, corresponded using the phone number 917-224-4144.

76.     Upon information and belief, Defendant TINO PASSANTE had power to hire, fire, supervise, set wage rates, set wage amounts, schedule work hours, assign work tasks to Plaintiffs and maintain payroll records.

77.     Defendant TINO PASSANTE was each Plaintiff's employer within the meaning of the FLSA and NYLL.

### 3.2.5.   Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN)

78.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) is the owner of Quad Recording Studios NYC.

79.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) became the owner of Quad Recording Studios NYC in approximately 2005.

80.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) manages Quad Recording Studios NYC.

81.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) is responsible for business and administration of Quad Recording Studios NYC.

82.     Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) exercised operational control, including controlling authority over personnel policies and practices, over Quad Recording Studios NYC.

83.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) is a co-owner of Quad Recording Studios NYC.

84.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) manages ADVANCED STUDIO LEARNING, LLC.

85.     Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) was the Chief Executive Officer of QUADROSONIC SOUND SYSTEMS, INC.

86.     Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) was the Chief Executive Officer of HALO RECORDS, INC.

87.     Upon information and belief, HALO RECORDS, INC does, or did, business as Quad Recording Studios NYC.

88.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) had power to hire, fire, supervise, set wage rates, set wage amounts, schedule work hours, assign work tasks to Plaintiffs, and maintain payroll records relevant to Plaintiffs' work.

89.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) owned, operated, controlled, or managed the phone number 917-224-4144.

90.     Upon information and belief, Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) owned, operated, controlled, or managed the phone number 646-460-6113.

91.     Defendant RICKY HOSN (A/K/A RICKY ABOULHOSN) was each Plaintiff's employer within the meaning of the FLSA and NYLL.

4.  **FACTUAL ALLEGATIONS**

92.     The practice of classifying employees as "interns" to avoid paying wages runs afoul of federal and state wage and hour laws, which require employers to pay all workers whom they "suffer or permit" the minimum wage and overtime.

93.     Employers' failure to compensate interns for their work, and the prevalence of the practice nationwide, curtails opportunities for employment, fosters class divisions between those

who can afford to work for no wage and those who cannot, and indirectly contributes to rising unemployment.

94.     According to the U.S. Department of Labor, an unpaid internship is only lawful in the context of an educational training program, when the interns do not perform productive work and the employer derives no benefit.

95.     If the employer would have hired additional employees or required existing staff to work additional hours had the interns not performed the work, then the interns will be viewed as employees and entitled to compensation under the FLSA.

96.     Unpaid interns are a crucial part of the labor force at Quad Recording Studios NYC. By misclassifying Plaintiffs and other workers as unpaid interns, Defendants denied them the benefits that the law affords to employees, including unemployment, workers' compensation insurance, social security contributions, and, most crucially, the right to earn a fair day's wage for a fair day's work.

### 4.1.  **Plaintiff OSHAY CHIN**

97.     Plaintiff OSHAY CHIN's job title was "intern."

98.     Plaintiff, OSHAY CHIN, worked at Quad Recording Studios NYC from approximately April 7, 2022, to approximately August 29, 2022.

99.     Plaintiff, OSHAY CHIN's job responsibilities included maintenance work, cleaning, running errands, moving equipment and supplies, picking up food and beverages, operating an elevator for parties, troubleshooting equipment, restocking the bathroom with toilet tissue and hand towels, and other work tasks.

100.     Plaintiff, OSHAY CHIN, worked approximately 33 hours per week.

101.     Plaintiff, OSHAY CHIN, worked approximately 3 shifts per week that exceeded 10 hours from the beginning of the shift to the end of the shift.

102. Plaintiff, OSHAY CHIN, did not receive academic credit for his work.

103. Plaintiff, OSHAY CHIN, did not receive training similar to an educational environment.

104. Plaintiff, OSHAY CHIN's work as an unpaid intern was not tied to a formal educational program.

105. Plaintiff, OSHAY CHIN's work as an unpaid intern was not limited to a period of beneficial learning.

106. Plaintiff, OSHAY CHIN's work as an unpaid intern displaced the work of paid employees such as janitors, security staff, and errand-runners.

107. The "internship," did not provide significant educational benefits to Plaintiff, OSHAY CHIN.

108. Plaintiff, OSHAY CHIN, worked alongside other individuals who Defendants also classified as unpaid interns, who performed productive work and were paid no wages.

109. Plaintiff, OSHAY CHIN, was paid no wages for his work for Defendants.

**4.2. Plaintiff EDIDIONG ESSIEN**

110. Plaintiff, EDIDIONG ESSIEN, worked at Quad Recording Studios NYC from approximately April 4, 2022, to approximately May 1, 2022.

111. Plaintiff EDIDIONG ESSIEN's job title was "intern."

112. Plaintiff, EDIDIONG ESSIEN's job responsibilities as an unpaid intern included running errands, picking up food and beverages, escorting people to recording studios, providing "security," cleaning, refiling the ice machine, cleaning garbage, and cleaning studios, among other tasks.

113. Plaintiff, EDIDIONG ESSIEN, worked approximately three to four days per week.

114. Plaintiff, EDIDIONG ESSIEN, worked approximately 36 to 38 hours per week.

115. Plaintiff, EDIDIONG ESSIEN, worked approximately 3 shifts per week that exceeded 10 hours from the beginning of the shift to the end of the shift.

116. Plaintiff, EDIDIONG ESSIEN, did not receive academic credit for his work.

117. Plaintiff, EDIDIONG ESSIEN, did not receive training that would be similar to an educational environment.

118. Plaintiff, EDIDIONG ESSIEN's work as an intern was not tied to a formal educational program.

119. Plaintiff, EDIDIONG ESSIEN's work as an intern was not limited to a period of beneficial learning.

120. Plaintiff, EDIDIONG ESSIEN's work as an intern displaced the work of paid employees such as janitors, security staff, and errand-runners.

121. Plaintiff, EDIDIONG ESSIEN, did not obtain significant educational benefits from working for Defendants as an unpaid intern.

122. Plaintiff, EDIDIONG ESSIEN, worked alongside other individuals who Defendants also classified as unpaid interns, who performed productive work and were paid no wages.

123. Plaintiff, EDIDIONG ESSIEN, was paid no wages at all for his work for Defendant.

**4.3. <u>Defendants Operated as a Joint Enterprise</u>**

124. Defendants operated as a single integrated enterprise jointly employing Plaintiffs at Quad Recording Studios NYC.

125. Although registered as individual corporate entities, the corporate Defendants are interrelated.

126. Upon information and belief, the corporate Defendants have common management.

127.     Upon information and belief, the corporate Defendants have centralized control over labor relations.

128.     Upon information and belief, the corporate Defendants have common ownership or financial control.

**4.4. <u>RECORDKEEPING VIOLATIONS</u>**

129.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and members of the Collective and Class, including hours worked each workday and total hours worked each workweek, as required by the FLSA, 29 U.S.C. § 211(c), and supporting federal regulations.

130.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and the Intern Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL § 661 and supporting regulations

131.     Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records covering Plaintiffs.

132.     Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing the number of hours worked daily by each Plaintiff.

133.     Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing the number of hours worked weekly by each Plaintiff.

134.     Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing the time of arrival to work for each Plaintiff.

135.     Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing the time of departure from work for each Plaintiff.

136.     Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing the spread of hours exceeding 10.

137.    Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing the amount of gross wages paid to each Plaintiff.

138.    Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing deductions from gross wages for each Plaintiff.

139.    Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing net wages paid to each Plaintiff.

140.    Defendants did not establish, maintain, and preserve for not less than six years, weekly payroll records showing allowances, if any, claimed as part of the minimum wage owed to each Plaintiff.

**5.   COLLECTIVE ACTION ALLEGATIONS**

141.    Plaintiffs bring the FLSA claims, on behalf of themselves and all persons who have worked as unpaid interns from three years immediately preceding the filing of this Complaint and the date of final judgment in this matter (the "Intern Collective").

142.    Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the members of the Intern Collective. Upon information and belief, the Intern Collective consists of many similarly situated individuals who have been underpaid or not paid at all by Defendants in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendants, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the members of the Intern Collective pursuant to 29 U.S.C. § 216(b).

**6.   CLASS ACTION ALLEGATIONS**

143.    Plaintiffs bring the NYLL claims under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and all persons who have worked as unpaid interns at Quad

Recording Studios NYC from six years and 228 days[1] immediately preceding the filing of this action to the date of final judgment (the "Intern Class").

144. Excluded from the Intern Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Intern Class.

145. The members of the Intern Class are so numerous that joinder of all members is impracticable.

146. Upon information and belief, the size of the Intern Class is more than 40 individuals.

147. Defendants acted or refused to act on grounds generally applicable to the Intern Class, thereby making appropriate relief with respect to the class as a whole.

148. Common questions of law and fact exist as to the Intern Class and predominate over any questions affecting only individual members of the Intern Class, and include, but are not limited to, the following:

  a. Whether Defendants have a policy or practice of failing to pay Plaintiffs and the members of the Intern Class the minimum wage for all hours worked in violation of

---

[1] New York tolled statutes of limitations during the COVID19 pandemic from March 20, 2020 until November 3, 2020. (available at https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.8.pdf [emphasis added]). Through a series of subsequent EOs, the Governor thereafter continued this directive (with certain exceptions not relevant here) through November 3, 2020 (see EO 202.14 [https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.14final.pdf]; EO 202.28 [*13] [https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.28.pdf]; EO 202.48 [https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.48.pdf]; EO 202.55 [https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.55.pdf]; EO 202.60 [https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.60.pdf]; EO 202.67 [https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.67.pdf [stating that "[t]he suspension in Executive Order 202.8, as modified and extended in subsequent Executive Orders, that tolled any specific time limit for the commencement, filing, or service of any legal action, notice, motion, or other process or proceedings as prescribed by the procedural laws of the state, including but not limited to . . . the civil practice law and rules . . . is hereby continued, as modified by prior executive orders, provided however, for any civil case, such suspension is only effective until November 3, 2020, and after such time limit will no longer be tolled"])

NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations, N.Y. Comp. Codes R. & Regs. tit. 12, § 142 et seq., as alleged herein;

b. Whether Defendants have a policy or practice of failing to pay Plaintiffs and members of the Intern Class spread -of-hours wages on days when they worked more than 10 hours in violation of NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y. Comp. Codes R. & Regs. tit. 12, Part 142 *et seq.,* as alleged herein

c. Whether Defendants failed to comply with the notice and recordkeeping requirements of the NYLL;

d. Whether Defendants' policy or practice of failing to pay Plaintiffs and the Intern Class was instituted willfully or with reckless disregard for the law

e. The nature and extent of class-wide injury and the measure of damages for those injuries;

149.    Plaintiffs' claims are typical of the claims of the Intern Class they seek to represent.

150.    Plaintiffs and all Intern Class members were subject to the same compensation policies and practices of Defendants.

151.    Plaintiffs and the Intern Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

152.    Plaintiffs will fairly and adequately represent and protect the interests of the Intern Class. Plaintiffs retained counsel competent and experienced in employment litigation. There is no conflict between the Plaintiffs and members of the Intern Class.

153.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Intern Class have been damaged and are entitled

to recovery because of Defendants' common and uniform policies, practices, and procedures and because of Defendants' violation of the NYLL. Although the relative damages suffered by individual Intern Class members are not *de minimis,* such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' compensation practices and to prosecute vigorously a lawsuit against Defendant to recover damages stemming from such practices. In addition, class litigation is superior because it will prevent unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

154.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

155.    Plaintiffs and the members of the Intern Class and Intern Collective defined above (collectively, "Intern Class Members") have been victims of a common policy and plan perpetrated by Defendants that violated their rights under the FLSA and the NYLL by denying them minimum wages, and spread-of-hours wages.

156.    At all times relevant, Defendants' unlawful conduct, policies, and patterns or practices described in this  Complaint have been willful.

157.    As part of ongoing business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiffs and the Intern Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL as described in this Complaint.

158.    Defendants failed to pay wages to Plaintiffs and the Intern Class Members.

159.    Defendants benefitted from the work that Plaintiffs and the Intern Class Members performed.

160.    Upon information and belief, Defendants would have hired additional employees or required existing staff to work additional hours had Plaintiffs and Intern Class Members not performed work for Defendant.

161.    Defendants did not provide academic or vocational training to Plaintiffs or the Intern Class members.

162.    Defendants failed to pay Plaintiffs and the Intern Class Members minimum wages for all hours worked and spread-of-hours pay for workdays over 10 hours.

163.    Defendants failed to keep accurate or adequate records of hours worked by Plaintiffs and the members of the Intern Class as required by the FLSA and the NYLL.

164.    Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy or practice of minimizing labor costs by denying Plaintiffs and the Intern Class compensation in violation of the FLSA and NYLL.

165.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

166.    Upon information and belief, Defendants' policies and practices as described herein are ongoing.

167.    Defendants' unlawful conduct, as set forth in this  Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Intern Class Members.

168.    Defendants' deceptive conduct prevented Plaintiffs and the members of the Intern Class from discovering or asserting their claims any earlier than they did.

7.  **CAUSES OF ACTION**

7.1.  **FIRST CAUSE OF ACTION - Fair Labor Standards Act - Minimum Wages**

169.    Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

170. Defendants engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Complaint.

171. The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 et seq., and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the Intern Collective.

172. At all relevant times, Plaintiffs and the members of the Intern Collective were employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m), and 206(a), and/or they were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

173. At all relevant times, Plaintiffs and the members of the Intern Collective were employees of Defendants within the meaning of 29 U.S.C. § 203(e).

174. At all relevant times, Defendants have been an enterprise engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (r), and (s).

175. At all relevant times, Defendants employed Plaintiffs and the members of the Intern Collective within the meaning of 29 U.S.C. § 203(g).

176. Defendants engaged in a policy and/or practice of failing to pay Plaintiffs and the Intern Collective the applicable minimum wage for all hours it suffered or permitted them to work.

177. As a result of these minimum wage violations, Plaintiffs and the members of the Intern Collective have suffered damages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

178.    Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and similarly situated unpaid interns.

179.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

180.    Members of the Intern Collective are entitled to collectively participate in this action by choosing to "opt-in" and submitting written Consents to Join this action. 29 U.S.C. § 216(b).

**7.2. <u>SECOND CAUSE OF ACTION - New York Labor Law Article 19 - Minimum Wage</u>**

181.    Plaintiffs re-allege and incorporates by reference all allegations in all preceding paragraphs.

182.    Defendants failed to pay Plaintiffs and the members of the Intern Class the minimum wage as required by the NYLL and the supporting New York State Department of Labor Regulations.

183.    Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

184.    At all times relevant, Plaintiffs and the members of the Intern Class have been employees and Defendants have been employers within the meaning of NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

185.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect Plaintiffs and the members of the Intern Class.

186.     Defendants were required to pay Plaintiffs and the members of the Intern Class minimum wage for all hours worked under NYLL § 652 and the supporting New York State Department of Labor regulations.

187.     Defendants failed to pay Plaintiffs and the members of the Intern Class minimum hourly wages for all hours worked to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

188.     By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Intern Class minimum hourly wages for all the hours they worked, Defendants willfully violated the NYLL Art. 19 §§ 650 et seq. and the supporting New York State Department of Labor regulations.

189.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendants their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**7.3.  THRID CAUSE OF ACTION - New York Labor Law Article 19 - Spread-of-Hours Pay**

190.     Plaintiffs re-alleges and incorporates by reference all allegations in all preceding paragraphs.

191.     Defendants willfully failed to pay Plaintiffs and the members of the Intern Class additional compensation of one hour's pay at the minimum hourly wage rate for each day during which they worked more than 10 hours.

192.     By Defendants' failure to pay Plaintiffs and the members of the Intern Class spread-of-hours pay, Defendants willfully violated NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations.

193.     Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Intern Class are entitled to recover from Defendant their wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

**7.4.  FOURTH CAUSE OF ACTION - New York Labor Law - Failure to Provide Wage Notices**

194.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

195.     The NYLL and WTPA require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

196.     Defendants failed to furnish to Plaintiffs and the Intern Class at the time of hiring, and whenever there was a change to Plaintiffs' and the Intern Class's rates of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

197.     Due to Defendants' violation of NYLL § 195(1), Plaintiffs and the Intern Class are entitled to recover from Defendants liquidated damages of $50.00 per day that the violation occurred, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

**7.5.  FIFTH CAUSE OF ACTION- New York Labor Law - Failure to Provide Accurate Wage Statements**

198.     Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

199.    Defendants failed to furnish Plaintiffs and the Intern Class, with each wage payment, with a statement accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

200.    Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and the Intern Class are entitled to recover from the Defendants liquidated damages of $250.00 per workday, up to a maximum of $5,000.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

**8.   PRAYER FOR RELIEF**

201.    WHEREFORE, Plaintiffs, on their own behalf and on behalf of all other similarly situated persons, seeks the following relief:

a.   That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to members of the Intern Collective, as defined above. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

b.   Unpaid minimum wages and an additional and an equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

c.   Unpaid overtime , minimum wages, and spread of hours, pursuant to NYLL Art. 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, and an additional and equal amount as liquidated damages pursuant to NYLL § 663;

d.  Statutory damages for Defendant's notice and recordkeeping violations pursuant to NYLL Art. 6, §§ 190, and 195 *et seq.;*

e.  Certification of the class set forth above pursuant to Rule 23 of the Federal Rules of Civil Procedure;

f.  Designation of Plaintiffs as class representative and counsel of record as Class Counsel;

g.  Pre-judgment interest and post-judgment interest;

h.  Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under NYLL Art. 6, §§ 190 et seq., NYLL Art. 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

i.  An injunction requiring Defendant to pay all statutorily required wages pursuant to the NYLL and an order enjoining Defendant from continuing its unlawful policies and practices as described herein with respect to the Class and Collective;

j.  Reasonable attorneys' fees and costs of the action;

k.  Such other relief as this Court shall deem just and proper.

## 9.  DEMAND FOR TRIAL BY JURY

202.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: Astoria, New York
     February 9, 2023

Signed,

By: _____ */s/ Clifford Tucker* _____
    Clifford Tucker, Esq.
    Sacco & Fillas LLP
    31-19 Newtown Ave., 7th Floor
    Astoria, New York 11102
    Ph: 718-269-2243
    CTucker@SaccoFillas.com
    *Attorneys for Putative Collective and Class*

## NOTICE OF INTENTION TO ENFORCE SHAREHOLDER

## LIABILITY FOR SERVICES RENDERED

TO: QUAD STUDIOS, INC, ADVANCED STUDIO LEARNING, LLC, QUAD ACOUSTICS LLC

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited  Liability Company Law of New York, you are hereby notified that the plaintiffs and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of QUAD STUDIOS, INC, ADVANCED STUDIO LEARNING, LLC, QUAD ACOUSTICS LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf

Dated: Astoria, New York
             February 9, 2023

SACCO & FILLAS, LLP

By: *_/s/ Clifford Tucker_*_____
        Clifford Tucker, Esq.
        Attorneys for Plaintiff
        31-19 Newtown Avenue, Seventh Floor
        Astoria, New York 11102
        Tel: 718-269-2243
        CTucker@SaccoFillas.com

## EMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

**TO**: QUAD STUDIOS, INC, ADVANCED STUDIO LEARNING, LLC, QUAD ACOUSTICS LLC

PLEASE TAKE NOTICE THAT the plaintiffs and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: Astoria, New York
February 9, 2023

SACCO & FILLAS, LLP

By: *_/s/ Clifford Tucker_*
        Clifford Tucker, Esq.
        Attorneys for Plaintiff
        31-19 Newtown Avenue, Seventh Floor
        Astoria, New York 11102
        Tel: 718-269-2243
        CTucker@SaccoFillas.com